On 14 November, 1884, R. M. Armour and wife conveyed a certain tract of land to Stanford Holdsclaw and wife. After describing the land *Page 354 
so conveyed the following language occurs in the deed: "To have and to hold the aforesaid lot with all the appurtenances thereto belonging, including the right of dower of the said L. C. Armour (feme covert) to the said Standford Holdsclaw and wife during their natural life and the parties of the second part hereby agree not to dispose of said lot to any one except the parties of the first part, or by their consent or their heirs' consent.
And it is further agreed that at the decease of the parties of the second part that the title of said lot shall revert to the parties of the first part, their heirs, executors and assigns, they paying a fair price for the same.
In witness whereof, the parties of both parts have hereunto set their hands and seals, this 14 November, 1884." R. M. Armour, L. C. Armour, Stanford Holdsclaw, Hannah Holdsclaw.
L. C. Armour, wife of one of the grantors, died in 1891, and R. M. Armour, the other grantor, died in July, 1913. Stanford Holdsclaw died in 1913, and thereafter his wife, Hannah Holdsclaw, died intestate, leaving two sons, to wit, Walter Johnson and Will Houser. Walter Johnson died intestate in 1918, leaving a widow, Ida Johnson, and the following children, to wit: Walter Johnson, Parks Johnson, Willie May Johnson, Harry Lee Johnson and Bernard Johnson. Will Houser died in 1923, intestate, leaving a widow but no child or the representative of any child.
It was admitted that the land had been "in the adverse, open and nondisputed possession of the heirs at law of Hannah Holdsclaw since _____ October, 1913."
The above named heirs at law of Walter Johnson and his widow filed a petition in the Superior Court for the sale of said land for division, and the plaintiff Hamilton was appointed commissioner to make the sale. The sale was made on 4 July, 1927, and the defendant Henderson became the last and highest bidder for the land. When the plaintiff tendered a deed for said property to the defendant he declined to accept the deed and pay the purchase money upon the ground that said deed could not and did not convey a good title. The trial judge decreed that "Hannah Holdsclaw had only a life estate in the land described in the deed, and that at the death of said defendants, Holdsclaw and wife, Hannah Holdsclaw, the property reverted to R. M. Armour or his heirs at law, "they paying a fair price for the same." from which judgment the plaintiff appealed.
It appears that the heirs at law of the grantors have not been made parties to this action, and therefore their rights, if any, cannot be determined unless they are brought into court and afforded an opportunity to assert any claim they may have. The cause is remanded to the end that the heirs at law of the grantors may be duly made parties to the proceeding.
Remanded.